UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TIMOTHY RYAN, an individual,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana corporation, dba THE HARTFORD; DOES 1-10,

    Defendant.

3:11-CV-00324-LRH-WGC

ORDER

Before the court is Defendant's Motion to Dismiss, or in the alternative, Motion for More Definite Statement (#3[1]). Plaintiff filed an opposition (#6), to which Defendant replied (#8).

**I.   Facts and Procedural History[2]**

This action for insurance benefits arises out of a car accident on April 23, 2010. Plaintiff Timothy Ryan was a passenger in a vehicle owned and operated by John Kozich and was injured when another driver, Anthony Martinez, ran a red light and struck their vehicle. Plaintiff sustained significant injuries and received medical treatment that, as of May 2011, exceeded $50,000 and is expected to exceed $235,000. Martinez was cited by the Las Vegas Metropolitan Police for

---

[1] Refers to the court's docket entry number.

[2] The following facts are taken from the factual allegations in Plaintiff's complaint, which the court accepts as true.

running a red light. No fault was attributed to Plaintiff.

All three individuals carried personal automobile insurance policies with personal injury limits. Martinez was insured by All-State Insurance Company with a personal injury limit of $15,000 per incident. Plaintiff was insured by Farmers Insurance Group with an underinsured motorist policy limit of $100,000 per incident for personal injury. And Kozich was insured by Defendant Hartford Insurance Company of the Midwest with a similar underinsured motorist policy limit of $100,000 per incident for personal injury.

On October 13, 2010, counsel for Plaintiff made demand upon All-State, Farmers and Hartford for the policy limits of each of the policies, totaling $215,000. On December 14, 2010, Defendant Hartford sent correspondence to Plaintiff's counsel with a check for $50,000, explaining that Hartford believed its obligation under the policy included only a "pro-rata" share of the liability. According to Hartford, Nevada's "anti-stacking" statute, NRS 687B.145(1), permitted Hartford to consider the other applicable policies held by Martinez and Kozich in refusing to tender the policy limit.

On April 5, 2011, Plaintiff filed the underlying complaint in state court, asserting three claims for relief: (1) breach of Nevada's Unfair Claims Practices Act, NRS 686A.310(1)(e); (2) breach of contract; and (3) declaratory relief regarding the application of Nevada's anti-stacking statute, NRS 687B.145(1), to the Hartford insurance policy. On May 6, 2011, Defendant removed the action based on this court's diversity jurisdiction. Defendant now moves to dismiss the complaint or, in the alternative, for a more definite statement.

**II.   Legal Standard**

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and

2

1  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
2  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a
3  pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a
4  cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell
5  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
7  accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal
8  quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows
9  the court to draw the reasonable inference, based on the court's judicial experience and common
10 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
11 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
12 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
13 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
14 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

15 In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
16 true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a
17 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."
18 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)
19 (alteration in original) (internal quotation marks omitted). The court discounts these allegations
20 because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the
21 form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to
22 survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from
23 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting
24 *Iqbal*, 129 S. Ct. at 1949).

25
26

**III.   Discussion**

    **A.   Unfair Trade Practices**[3]

NRS 686A.310(1)(e) deems it an unfair trade practice and imposes civil liability on an insurer for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear."  In support of this claim, Plaintiff alleges that the liability of Defendant's insured (Kozich) and All-State's insured (Martinez) "is reasonably clear" and that Defendant possessed and violated its "obligation to Plaintiff to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." (Complaint, ¶¶ 17-19.)

As Defendant contends, these allegations are nothing more than a formulaic recitation of the pertinent statutory language and are therefore not entitled to an assumption of truth.  Nor are Plaintiff's well-pleaded factual allegations sufficient to support his claim.  While Plaintiff's factual allegations tend to establish that Defendant bears liability for his injuries, the complaint contains no allegations to establish that Defendant's liability for more than the $50,000 already tendered is reasonably clear and thus Defendant's tender within two months does not constitute a prompt, fair and equitable settlement of the claim.  Contrary to Plaintiff's argument, it is his duty to plead the facts necessary to support his claim.  The mere fact that Defendant did not pay Plaintiff's full demand and conclusory allegations of liability are insufficient.  If the necessary facts are as readily inferred as Plaintiff contends, he should have no difficulty reciting them in an amended complaint.

///

---

[3] Although Plaintiff's first claim is subtitled "Bad Faith - NRS 686A.310," the court declines Plaintiff's invitation to read this claim as asserting both a statutory unfair trade practices claim and a claim for bad faith denial of benefits, as the supporting allegations track only the statutory language. *Cf. Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1235-36 (D. Nev. 2010) (distinguishing the two claims).  If Plaintiff wishes to separately assert a bad faith claim, he may do so in an amended complaint.

4

### B. Breach of Contract

In support of his breach of contract claim, Plaintiff alleges that "[a]n enforceable contract exists between Plaintiff and Defendant, as Plaintiff is an intended third-party beneficiary of the personal auto insurance policy between Defendant and Mr. Kozich," and "Defendant breached that contract." As above, however, the complaint is lacking in any factual allegations establishing that Defendant had a duty under the policy to pay more than the $50,000 already tendered. That Plaintiff demanded more is insufficient. The complaint therefore fails to state a claim upon which relief can be granted.

### C. Declaratory Relief

In support of his declaratory relief claim, Plaintiff alleges that "[a] controversy has arisen regarding the provisions of Nevada's 'anti-stacking' statute, NRS 687B.145(1), with respect to Defendant's Personal Auto Insurance Policy," and "the rights and obligations of the parties under the Hartford policy is a current pending dispute in which declaratory relief is required." Once again, however, Plaintiff's allegations are insufficient. That some disagreement exists is insufficient to state a claim. Plaintiff fails to indicate even generally what he seeks the court to declare, making the granting of relief impossible.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#3) is GRANTED without prejudice. Plaintiff shall have 30 days in which to file an amended complaint.

IT IS SO ORDERED.

DATED this 31st day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5